## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JOSHUA F. PETER, ET AL.,<br><br>Plaintiffs,<br><br>vs.<br><br>FRANCIS GILL, ET AL.,<br><br>Defendants. | Superior Court Case No. <u>CV0426-18</u><br><br>**DECISION AND ORDER<br>RE<br>PLAINTIFFS' RENEWED MOTION<br>FOR SUMMARY JUDGMENT** |

In this ongoing litigation concerning the title and interest to 14 lots in the Gill Baza subdivision, the Court here considers Plaintiffs' Renewed Motion for Summary Judgment. The Court's October 7, 2019 Decision and Order re Motion for Summary Judgment denied summary judgment to both parties because a material factual dispute existed concerning Defendant Stephanie Mendiola's intent when she transferred her deed to Cyfred. Dec. and Order at 9 (Oct. 7, 2019). Plaintiffs now offer additional evidence concerning Mendiola's intent and seek summary judgment against her under Guam Rule of Civil Procedure 56. Mot. at 3 (Dec. 18, 2019). Having considered the parties' evidence, arguments and applicable law, the Court GRANTS Plaintiffs' Motion.

## I. UNDISPUTED FACTS AND RELEVANT PROCEDURAL FACTS

1. The Court incorporates its October 7, 2019 Decision and Order's Undisputed Facts.

2. Plaintiffs first attempted to use Mendiola's May 11, 2019 deposition transcript in their June 5, 2019 Supplemental Memorandum in Opposition to Defendants' Motion for Partial Summary Judgment. Pls.' Suppl. Mem. Opp'n. Defs.' Mot. Partial Summ. J., Ex.

ORIGINAL

A (June 5, 2019). Defendants argued that Plaintiffs had not provided the Court with the entire transcript and Mendiola had not yet reviewed the transcript, thereby violating Guam Rule of Evidence 106 and Guam Rule of Civil Procedure 30. Reply at 8 (June 17, 2019).

3. The Court's October 7, 2019 Decision and Order therefore declined to consider Mendiola's deposition until it was filed with the Court in its entirety.

4. Plaintiffs now file this Renewed Motion along with the transcript. The following transpired during Mendiola's deposition:

   a. When Attorney Wayson Wong on behalf of Plaintiffs asked, "By signing this Quitclaim Deed, did you intend to transfer your title to the property to Cyfred?" Mendiola replied, "Yes." Attorney Wong followed: "Okay. And you intended it to do so as of April 22, 2014?" Mendiola: "Yes." Mot., Ex. 1, pg. 12, ln. 11-17.

   b. Attorney Wong: "Did you send it to him with any instructions as to how to handle it?" Mendiola: "No." Mot., Ex. 1, pg. 16, ln. 1-3.

   c. Attorney Wong: "Did you ever give him any instructions as to how to handle it?" Mendiola: "Ever between April 22nd and the present time, yes." Mot., Ex. 1, pg. 16, ln. 16-19.

   d. Attorney Wong: "When did you first give him instructions as to how to handle it?" Mendiola: "I cannot recall… I know that it was not any time during April of 2014 when I first sent it and when you and I had initially exchanged emails." Mot., Ex. 1, pg. 16, ln. 22-24, pg. 17, ln. 2-5.

5. The deed to the 14 lots states: "FOR AND IN CONSIDERATION of the sum of TEN and NO/100 DOLLARS ($10.00) and other good and valuable consideration, the receipt of


ORIGINAL

which is hereby acknowledged, the Grantor does hereby quitclaim transfer, release, grant, convey, allocate... all right, title and interest that the Grantor has or may have in that certain real property...." Reply, Exs. 1, 2 (Jan. 29, 2020).

## II.  LAW AND DISCUSSION

Defendants argue Plaintiffs' Motion should be dismissed because (1) it has been filed beyond the motion cutoff deadline and is an "untimely and surreptitious effort" to seek reconsideration of the Court's prior order; (2) Plaintiffs have no standing to contest Mendiola's title; and (3) Mendiola delivered the deed to her attorney to hold as escrow to obtain a General Release from Plaintiffs as consideration for the Deed.[1] Opp'n at 4 (Jan. 10, 2020). The Court addresses each argument in turn.

### A.  Standard for "Renewed" Motions for Summary Judgment

Because this Motion asks the Court to consider additional evidence, the Court is first reminded that summary judgment exists to provide courts "with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute." *Aguilar v. Atl. Richfield Co.*, 24 P.3d 493, 505 (Cal. 4th 2001), *as modified* (July 11, 2001). A moving party may renew a motion for summary judgment notwithstanding a denial of an earlier motion by showing a different set of facts, circumstances, or some other reason justifying renewal of the motion. *See e.g., Schachter v. Citigroup, Inc.*, 23 Cal. Rptr. 3d 920, 924 (Cal. App. 4th 2005) (finding that movant must establish "to the satisfaction of the court, newly discovered facts or circumstances or a change of law supporting the issues reasserted in the summary judgment motion"); *Carnegie Mellon Univ. v. Hoffman La*

---

[1] Defendants also argue that "Cyfred cannot be presumed to have accepted the Deed because it conferred no benefit to Cyfred." Opp'n at 4 (Jan. 10, 2020). The Court's October 7, 2019 Decision and Order already determined that Cyfred accepted the deed as a matter of law, and therefore it declines to address Defendants' argument.

ORIGINAL

*Roche Inc.*, 148 F. Supp. 2d 1004, n.4 (N.D. Cal. 2001), *aff'd*, 541 F.3d 1115 (Fed. Cir. 2008) (renewed motion for summary judgment allowed due to new expert); *see also Advanced Semiconductor Materials Am., Inc. v. Applied Materials, Inc.*, 922 F.Supp. 1439, 1442 (N.D. Cal. 1996) (renewed motion for summary judgment allowed due to new evidence obtained in depositions) (citing William W. Schwarzer et al., Federal Civil Procedure Before Trial ¶ 14:367 (1995)). Some courts have reviewed a renewed motion for summary judgments under a reconsideration standard. *Zest IP Holdings, LLC v. Implant Direct MFG, LLC*, No. 10CV0541-GPC-WVG, 2014 WL 358430, at *4 (S.D. Cal. Jan. 31, 2014) (finding that Defendants' renewed motion had to meet the established requirements for a motion for reconsideration); *Caribbean Wholesales & Serv. Corp. v. U.S. JVC Corp.*, 101 F. Supp. 2d 236, 239 (S.D.N.Y. 2000), *aff'd*, 24 F. App'x 16 (2d Cir. 2001) (finding that a party may renew its motion for summary judgment as long as it is supported by new material).

Under this caselaw, the Court analyzes Plaintiffs' Motion for a different set of facts or circumstances. Alternatively, Plaintiffs must either demonstrate that the Court's Decision and Order was manifestly unjust, showed clear error of law, or warrants reconsideration because of newly discovered facts or law.

Plaintiffs present Mendiola's May 11, 2019 deposition as the basis for their renewed motion, arguing that it was not filed with the Court prior to either of the party's initial motions and should be considered now. As the Court did not consider her deposition in its prior decision due to Defendants' objections that the Court did not have her entire deposition and that Mendiola had not reviewed it, the Court finds its recent filing constitutes a change of circumstances that warrants reconsideration of its prior decision.

## B. **Plaintiffs' Motion is Timely.**

In response to Defendants' argument that the Motion is untimely, Plaintiffs ask the Court

for leave to file their renewed motion because it is a "fair and logical extension of their timely

filed summary judgment contentions against [] Mendiola." Reply at 10 (Jan. 29, 2020).

Guam Rule of Civil Procedure 6(b) governs schedule enlargements. If leave to file is

requested prior to the expiration of the time period set by the Court, Rule 6(b)(1) grants the

Court wide discretion to allow additional time for "cause shown." GRCP 6(b)(1). However,

when the request is made after the expiration of the time period set by the Court, Rule 6(b)(2)

requires that a party show "excusable neglect" in failing to timely file the request in addition to

"cause shown." GRCP 6(b)(2).

Though Plaintiffs formally requested leave to file their renewed motion in their Reply,

Plaintiffs previously asked the Court for leave to file any evidence it found after discovery

terminated in their original motion. Pls.' Mot. for Partial Summ. J. at 3 (Jun 17, 2019); Pls.'

Suppl. Mem. Opp'n Defs.' Mot. Partial Summ. J. at 1. Though the deposition is not newly

discovered, the Court understood that once the deposition was filed, it may be considered by the

Court either at trial or in a subsequent motion. However, the Court never addressed Plaintiffs'

original request in its October 7 Decision and Order, so Plaintiffs' confusion as to whether they

had to request leave to file is understandable. Based on such confusion, the Court finds Plaintiffs

have demonstrated cause justifying the filing of their Motion past the motion deadline.[2]

## C. **Plaintiffs Have Presented Evidence of Standing.**

Defendants argue that Plaintiffs cannot "merely rely on the allegations in the Amended

Complaint to establish that they have claims to the properties [Mendiola] owns" as the movants

---

[2] The Court also notes that the case has no pending trial date as the Court entertains numerous motions.



for summary judgment. Opp'n at 8 (citing to *Izuka Corp. v. Kawasho Int'l (Guam), Inc.*, 1997 Guam 10 ¶ 7). However, Plaintiffs did not rely just on their allegations. Attorney Wong's Declaration provides evidence of Plaintiffs' competing title to the lots involved in this case. Reply at 10, Decl. Wayson Wong. As Plaintiffs are not merely relying on the allegations in their Complaint, the Court finds they have demonstrated they may have claims to the lots under the summary judgment standard.

## D. Summary Judgment on Mendiola's Intent

The Court now addresses whether Mendiola intended to transfer title to the deed immediately. *See Gonzales v. Gonzales*, 73 Cal. Rptr. 83, 88 (Ct. App. 1968) (finding that valid delivery of a deed consists of the following: there must be a mutual intention on the part of the parties, physical delivery of the deed, acceptance by the grantee, and an intention on the party of the grantor to transfer title immediately). As stated in the Court's prior decision, the physical delivery of a deed raises an inference that the grantor intended to transfer title immediately. *Luna v. Brownell*, 110 Cal. Rptr. 3d 573, 576 (Ct. App. 2010). The inference may be overcome by evidence showing a contrary intent. *Id.*

For the Court's prior decision, as evidence of contrary intent, Defendants proffered an August 2014 email exchange between the parties' counsels in which Plaintiffs' counsel disputes the validity of attaching a condition to the deed's delivery: "You said that you would give us the deed if all of my clients provide her with a release... I don't think that is a valid condition...." Compl., Ex. 13. In light of that evidence of contrary intent, and reading the evidence in the light most favorable to Defendants, the Court found a factual dispute existed as to whether Mendiola delivered the deed without the release condition in April 2014.



Plaintiffs now offer Mendiola's deposition to show she delivered the deed without the release condition in April 2014, making her subsequent condition improper and untimely. *See Stone v. Daily*, 185 P. 665, 667 (Cal. 1919) (finding that if a grantor delivers a deed to a grantee with the intent to irrevocably convey title, it is immaterial if the grantor changes his or her mind moments later). During her deposition, Attorney Wong asked her: "By signing this Quitclaim Deed, did you intend to transfer your title to the property to Cyfred?" Mendiola replied, "Yes." Attorney Wong followed up and asked: "Okay. And you intended it to do so as of April 22, 2014?" Mendiola replied, "Yes." In the same deposition she later states that she did not send Defendants' counsel any instructions on how to handle the Quitclaim Deed, or give him any instructions on how to handle it at "any time during April of 2014 when I first sent it and when you and I had initially exchanged emails." Even when viewed in the light most favorable to Defendants, the Court finds that Mendiola did intend to immediately deliver the deed in April 2014 and that she delivered the deed with no instructions.

However, the Court must now determine whether she did so because she expected Attorney Van de Veld "to act as escrow and to obtain the General Release prior to releasing the Deed to any party." Decl. Mendiola at ¶ 7 (Jan. 10, 2020). Defendants cite to 19 GCA § 40306 for support: "A grant deed may be deposited by the grantor with a third person, to be delivered on performance of a condition and, on delivery by the depositary, it will take effect. While in possession of the third person, and subject to condition, it is called an escrow." Opp'n at 6-7. Mendiola explains that the "condition" is the consideration for the deed: "When I prepared the Deed, I required in the Deed that the grantee was to provide me with certain consideration which I did not fully describe in the Deed... Without being provided the General Release, I received no consideration for the Deed." Decl. Mendiola at ¶ 5.



The deed's second paragraph states: "FOR AND IN CONSIDERATION of the sum of TEN and NO/100 DOLLARS ($10.00) and other good and valuable consideration, the receipt of which is hereby acknowledged, the Grantor does hereby quitclaim transfer, release, grant, convey, allocate… all right, title and interest that the Grantor has or may have in that certain real property…." Reply, Exs. 1, 2.

Grants, otherwise known as deeds, "are to be interpreted in like manner with contracts in general." 19 GCA § 40401. If a contract's language is clear and explicit, such language governs its interpretation. 18 GCA § 87104. When "the language within the four corners of the contract is unambiguous, then a court does not resort to extrinsic evidence of the contract's meaning, and a court determines the parties intentions from the plain meaning of the contractual language as a matter of law." *Wasson v. Berg*, 2007 Guam 16 ¶ 16 (quoting *Guam United Warehouse Corp. v. DeWitt Transp. Servs.*, 2003 Guam 20 ¶ 24); *see also* 18 GCA § 87105 ("[T]he intention of the parties is to be ascertained from the writing alone, if possible….").

Defendants seek to introduce evidence that changes the express terms of the deed with parole evidence of Mendiola's intent. Summary judgment is only appropriate in contract cases "if the contract or the contract provision in question is unambiguous." *Bank of Guam v. Flores*, 2004 Guam 25 ¶ 18. The deed is clear: Mendiola received consideration for the deed in the amount of $10, and any other "good and valuable consideration" was acknowledged as received. There is no mention of "performance of a condition" in the deed.

With no evidence of contrary intent, even when viewed in the light most favorable to Defendants, the Court finds that Mendiola intended to immediately deliver the deed without the release condition in April 2014, making her subsequent condition or instructions improper and untimely.



## III. CONCLUSION

The Court determines the following:

1. Plaintiffs' Renewed Motion for Summary Judgment on their Sixth and Seventh Counts against Mendiola is GRANTED as Mendiola intended to immediately transfer title when she physically delivered the 14 lots' deed in April 2014 with no instructions or conditions.

2. Accordingly, the Court holds that Mendiola has no claim or interest in any of the 14 lots.

SO ORDERED this 13th day of March 2020.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Attorneys:
Wayson W. S. Wong for Plaintiffs
Curtis C. Van de veld for Cyfred, Ltd., and Leonard Francis Gill, and Stephanie Mendiola

SERVICE VIA COURT
I acknowledge that a copy of the
original hereto was placed in the
court box of:

VAN DE VELD

Date: 3/13/20

Deputy Clerk, Superior Court of Guam